E-FILED on     10/19/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMO RECOVERIES a/k/a ASSET MANAGEMENT OUTSOURCING, INC.,<br><br>Defendant. | No. C-05-00273 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>**[Re Docket No. 26]** |

Plaintiff Donald Johnson ("Johnson") has sued defendant AMO Recoveries ("AMO") for violation of the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692e(10). AMO moves for judgment on the pleadings on Johnson's claims. Johnson opposes the motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court grants AMO's motion.

## I. BACKGROUND

This case concerns six letters that AMO allegedly sent to Johnson concerning his Discover credit card debt of $3,821.35. Johnson contends that he received the first letter from AMO on July 14, 2004. Compl. ¶¶ 8-9. The letter, entitled "SETTLEMENT OFFER," provides that "AMO Recoveries, duly authorized by Discover Financial Services Inc., hereby offers to accept 60% as settlement in full on the

1  above mentioned account.  This settlement offer shall be null and void if not received by [sic]."  Compl. ¶
2  11; Ex. A.  The letter did not provide a date by when its offer would expire.  *Id*. at ¶ 12.
3        According to Johnson, AMO sent him a second letter on August 2, 2004.  *Id*. at ¶¶ 13-14.  This
4  letter, entitled "NOTICE," stated: "You are hereby given notice to satisfy your outstanding balance.  If you
5  cannot pay the full balance, please contact this office to discuss payment arrangements with our collectors."
6  *Id*. at ¶ 15.
7        Johnson claims that he received a third letter from AMO on August 24, 2004.  *Id*. at ¶ 17.  The
8  letter provided: "THE INFORMATION ON THIS ACCOUNT COULD BE FORWARDED TO A
9  CREDIT BUREAU.  THIS COULD BECOME PART OF YOUR CREDIT RECORD.  THIS IS A
10 DEMAND FOR PAYMENT IN FULL . . . ."  *Id*. at ¶¶ 17-18; Ex. C.
11       Johnson asserts that AMO sent him a fourth letter dated September 2, 2004.  *Id*. at ¶ 19.  This
12 letter, which bore the header "SETTLEMENT OFFER," states that "AMO Recoveries, duly authorized by
13 Discover Financial Services, hereby offers to accept 60% as settlement in full on the above mentioned
14 account.  This settlement offer shall be null and void if not received by 09-20-04."  *Id*. at ¶ 21; Ex. D.
15       Johnson alleges that he received a fifth letter entitled "SETTLEMENT OFFER" from AMO dated
16 September 14, 2004.  *Id*. at ¶ 24.  The letter provided that "AMO Recoveries, duly authorized by
17 Discover Financial Services Inc., hereby offers to accept 50% as settlement in full on the above mentioned
18 account.  This settlement offer shall be null and void if not received by [sic]."  *Id*. at ¶ 24; Ex. D.  The letter
19 does not state by when it must be accepted.  *Id*.
20       Finally, Johnson asserts that AMO sent him a sixth letter dated October 20, 2004.  *Id*. at ¶ 27.
21 The letter is captioned "SETTLEMENT AUTHORIZATION" and "LIMITED OFFER."  *Id*. at ¶ 28; Ex.
22 F.  The letter states that "OUR CLIENT HAS AUTHORIZED US TO SETTLE THIS ACCOUNT FOR
23 A REDUCED AMOUNT.  PLEASE CALL FOR DETAILS."  *Id*.

## II. ANALYSIS

### A.    Standard For Judgment on the Pleadings

26       A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to
27 challenge the sufficiency of the complaint after an answer has been filed."  *New.Net, Inc. v. Lavasoft*, 356
28 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004).  A motion for judgment on the pleadings is similar to a motion

to dismiss. "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

### B.     THE FDCPA

The FDCPA forbids companies from resorting to duplicitous tactics to collect debts:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . . [T]he following conduct is a violation of this section . . . . [¶]. The use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10). Congress intended the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. As the Ninth Circuit has noted, Congress' primary concern was eradicating the use of "threats of violence, telephone calls at unreasonable hours, [and] misrepresentation of a consumer's legal rights." *Romaine v. Diversified Collection Services, Inc.*, 155, F.3d 1142, 1149 (9th Cir. 1998). A court must view a debt collector's actions through the eyes of "the least sophisticated debtor" when determining whether the debt collector's conduct violates the FDCPA. *See Swanson v. Southern Oregon Credit Servs., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

Johnson contends that AMO violated the FDCPA in three ways. First, Johnson argues that AMO's letters "ma[de] objectively false statements" by "misrepresenting the time in which [he] could accept a settlement offer." Opp. Mot. Jud. Plead. at 1:13-14. Second, Johnson claims that the letters "[c]reat[ed] a false sense of urgency." *Id*. at 1:15. Third, Johnson asserts that the letters "[m]isrepresent[ed] the settlement authority [that AMO] held from its creditor-client." *Id*. at 1:16.

#### 1.     Whether the Letters Contained False Statements

Johnson alleges that AMO's September 2 letter indicated that its "offe[r] to accept 60% as settlement in full . . . shall be null and void if not received by 09-20-04." However, Johnson notes, AMO's September 14 letter offered to "accept 50% as settlement in full" and did not state an expiration date. Johnson thus claims that the September 14 letter belies the September 2 letter's claim that AMO's offer

would expire on September 20. Johnson's logic proceeds as follows: (1) because AMO was willing to accept a 50% payment for an indefinite time after September 14, (2) then AMO would have also accepted a 60% payment for an indefinite time after September 14, and thus (3) the September 2 letter falsely stated that AMO's offer to settle for 60% would expire on September 20. *See* Opp. Mot. Jud. Plead. at 9:25-10:2 ("[t]hus, by [AMO's] own admission . . . the offer of September 2, 2004 was not "*null and void*" if not received by September 20, 2004, since [Johnson] could have made a payment on a date after September 20, 2004 . . . for 60% (or less), and [AMO] would have still accepted it") (emphasis in original).

Johnson relies on *Goswami v. Amer. Collection Ent.*, 377 F.3d 488 (5th Cir. 2004). In that case, a collection agency wrote that "only during the next thirty days[ ] will our client agree to settle your outstanding balance due with a thirty (30%) discount . . . ." *Id*. at 495. In fact, the creditor had authorized the agency to (1) give a 30% discount at any time and (2) give this specific debtor a 50% discount at the time the agency sent the letter. *Id*. The Fifth Circuit reversed the trial court's grant of summary judgment in favor of the agency, reasoning that "[t]he statement in the collection letter is untrue and makes it appear that [the creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the debtor] to make a rapid payment to take advantage of the purported limited time offer." *Id*.[1]

*Goswami* is distinguishable. For one, the letter in *Goswami* stated that the 30% settlement offer was "only" valid for the next thirty days, thus giving the false impression that the offer would irrevocably lapse. Conversely, none of AMO's letters purport to be exclusive opportunities. Indeed, AMO sent Johnson a series of "offers" that "shall become null and void." Even "the least sophisticated debtor" is capable of understanding that parties frequently strike deals through the course of several overlapping proposals and that the terms of these offers may change with time. *Compare Wade v. Regional Credit*

---

[1] Johnson also cites *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516-17 (9th Cir. 1994) for the proposition that "contradictory and inaccurate communications" can constitute "deceptive or misleading means in connection with the collection of a debt." However, *Fox* involved a course of confusing bad faith conduct by a creditor, including (1) informing the debtor that it would garnish her wages unless she paid the full balance, (2) then informing the debtor that she need only make her regular monthly payment, (3) then demanding an increased payment and again threatening garnishment, and (4) finally filing the garnishment without fulfilling its earlier promise to contact the debtor's lawyer before doing so. *See id*. No such circumstances are present here.

*Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) ("least sophisticated debtor" is capable of distinguishing "informational" letter providing that failure to pay her debt might "stop [her] from obtaining credit" from impermissible threat to sue). In fact, it seems perfectly logical that AMO would be willing to accept less money as days passed and it became clear that Johnson did not intend immediately to accept the September 2 offer. Thus, there is nothing "false" about presenting Johnson with two options: either (1) paying 60% by September 20 or (2) paying 50% after September 14.

Moreover, several district courts have limited *Goswami*'s holding to letters that "expressly state[ ] that [an] opportunity to settle the debt at a discount w[ill] be lost after [a] given date." *Headen v. Asset Acceptance, LLC*, -- F.Supp.2d --, 2005 WL 2016918 (S.D. Ind. 2005) (granting judgment on the pleadings on claim that debt collectors who made settlement offers with deadlines for acceptance violated 15 U.S.C. § 1692e(10) because the letters neither "sa[id that] they are one-time offers" nor that "the offered amounts are as low as the collectors are now or ever will be prepared to accept"); *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 772 (N.D. Ill. 2005) (granting motion to dismiss claim that collection agency violated 15 U.S.C. § 1692e(10) where agency's letter "did not state that it was authorized to settle 'only' for 40 per cent until the specific dates mentioned, which would have injected an artificial sense of finality into the offer"); *Sarder v. Academy Collection Servs., Inc.*, 2005 WL 615831 (E.D. N.Y. 2005), at *2-*3 (granting motion for judgment on the pleadings on claim that collection agency violated 15 U.S.C. § 1692e(10) by indicating the creditor's "willing[ness] to accept . . . $6,447.42 . . . as settlement" was "valid until 03-02-02" because "[t]here is simply no indication in the letter that the agency will not accept less than $6,447.42 before March 2, 2002, nor is there any indication that it will not settle after March 2, 2002 for a lesser amount"). These cases are sound. Not only would "the least sophisticated debtor" understand that the expiration of a mere "offer" does not necessarily foreclose the possibility of the parties later agreeing to its terms, but "[t]he practical consequence of holding [offer] letters unlawful would be to prohibit settlement offers that are anything but the debt collector's best and final offer." *Headen*, 2205 WL 2016918. The court thus grants AMO's motion for judgment on the pleadings on this issue.

### 2. Whether the Letters Created a False Sense of Urgency

Johnson asserts that AMO's letters created a false sense of urgency because they "proceed[ed] in an escalating fashion." Opp. Mot. Jud. Plead. at 12:1-2. Johnson notes that (1) AMO's July 14 letter

offered to accept a 60% payment with no expiration date, (2) AMO's August 24 letter threatened to forward information to a credit bureau and "demand[ed] . . . payment in full," (3) AMO's September 2 letter offered to accept a 60% payment if he responded by September 20, and (4) AMO's September 14 letter offered to accept a 50% payment with no expiration date.[2]

This argument lacks merit. If anything, AMO's correspondence conveyed the message that AMO would offer Johnson increasingly favorable terms the longer he waited. Indeed, twelve days after indicating its willingness to accept a 60% payment, AMO inexplicably switched gears and requested only a 50% payment. *Cf. Goswami*, 377 F.3d at 495 (letter created false sense of urgency when it provided that "*only* during the next thirty days[ ] will our client agree to settle your outstanding balance due with a thirty (30%) percent discount") (emphasis added). The court fails to perceive how AMO breached the FDCPA by offering Johnson a better deal.

### 3. Whether AMO Misrepresented its Settlement Authority

Finally, Johnson argues that he will be able to show after conducting discovery that AMO misrepresented Discover's willingness to settle. Johnson alleges "[o]n information and belief" that Discover's "'settlement offers' do not expire." Compl. ¶ 30. However, AMO's letters do not purport to convey settlement offers from Discover. Instead, the letters focus on AMO. Indeed, the letters state only that AMO, as "authorized by Discover," conveys a settlement offer. Exs. A, D. "The word 'authorized' is benign—it communicate[s] to the debtor that [the agency] actually work[s] on the creditor's behalf, . . . [but] does not falsely suggest that the . . . discount rate represent[s] either the ceiling or the floor of [the agency's] settlement authority." *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d at 772. Thus, whether Discover would have been willing to settle for 60% of the debt after AMO's offer became "null and void" on September 12 is irrelevant. Because AMO did not purport to convey a firm offer from Discover, Johnson cannot state a claim for misrepresentation of settlement authority.

---

[2] Johnson relies on *Uyeda v. J.A. Cambece Law Office, P.C.*, 2005 WL 1168421 (N.D. Cal. 2005), *Gully v. Arrow Fin. Servs., LLC*, 2005 U.S. Dist. LEXIS 16836 (N.D. Ill. 2005), and *Jackson v. National Action Fin. Servs., Inc.*, 227 F.R.D. 284 (N.D. Ill. 2004). However, *Uyeda* held that a debt collector violated 15 U.S.C. § 1692e(10) by falsely implying that the debtor's refusal to pay would cause the creditor to initiate litigation. *See Uyeda*, 2005 WL 1168421 at * 4. Johnson makes no such claim with respect to AMO. In addition, *Gully v. Van Ru Credit Corp.* persuasively disapproved of *Gully v. Arrow Fin. Servs.* and *Jackson*. *See Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d at 772 (rejecting claims that artificial deadlines create a false sense of urgency in the absence of proof that the collection agency "asserted or implied that this was the plaintiffs' only opportunity to settle").

**III. ORDER**

For the foregoing reasons, the court grants defendant's motion for judgment on the pleadings.[3]

DATED:      10/19/05                          /s/ Ronald M. Whyte

                                                                   RONALD M. WHYTE
                                                                   United States District Judge

---

[3] At oral argument, Johnson declined the court's invitation to amend.

1  **Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**
O. Randolph Bragg                             rand@horwitzlaw.com
Ronald Wilcox                                 ronaldwilcox@post.harvard.edu

**Counsel for Defendant(s):**
Jeanine K. Clasen jclasen@mpbf.com
June Coleman                                  jcoleman@mpbf.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**       10/19/05                              DOH
                                              **Chambers of Judge Whyte**